JAMES M. PETERSON (Bar No. 137837)
peterson@higgslaw.com
DEREK W. PARADIS (Bar No. 269556)
Paradisd@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:     (619) 236-1551
Facsimile:     (619) 696-1410

Attorneys for Defendant VITAS HEALTHCARE
CORPORATION OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOILA ROSALES, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Corporation Doing Business in California; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 3:25-cv-05417<br><br>**DECLARATION OF DEREK W. PARADIS IN SUPPORT OF REMOVAL OF ACTION** |

I, Derek W. Paradis, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court.  I am a partner in the law firm of Higgs Fletcher & Mack LLP, and am counsel for Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA ("Defendant") in the above-captioned matter.  I am over the age of 18, have personal knowledge of the matters set forth herein, and I could and would testify competently thereto if called upon as a witness.

2.      I offer this declaration in support of Defendant's Notice of Removal of Action.

3.      On May 6, 2025, Plaintiff ZOILA ROSALES ("Plaintiff") filed a lawsuit in the Superior Court of the State of California, County of Riverside, entitled Zoila Rosales v. Vitas Healthcare Corporation of California, et al., Case No. C25-01295.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

4.      Plaintiff served the Summons and Complaint on the registered agent for O'Reilly Auto Enterprises, LLC on May 28, 2025. A true and correct copy of the Summons, Complaint, and all documents served on Defendant therewith are attached to this declaration as **Exhibit A**.

6.      The documents attached hereto as Exhibit A constitute all pleadings, process, and orders that have been served upon or by Defendant in this action before the Contra Costa County Superior Court.

8.      Attached hereto as "**Exhibit 1**" is a true and correct copy of a printout from Westlaw of the verdict report for Palma v. Rite Aid, 33 Trials Digest 15th 18 (2012), 2012 WL 3541952.

9.      Attached hereto as "**Exhibit 2**" is a true and correct copy of a printout from Westlaw of the verdict report for Viveros v. Donahoe, 13 Trials Digest 16th 9 (2012), 2012 WL 7854374.

10.      Attached hereto as "**Exhibit 3**" is a true and correct copy of a printout from Westlaw of the verdict report for Noone v. Jason Michael Paul Productions Inc., JVR No. 1608180029, 2016 WL 4426564.

11.      Attached hereto as "**Exhibit 4**" is a true and correct copy of a printout from Westlaw of the verdict report for Salinda v. DIRECTV Inc., 45 Trials Digest 16th 9 (2013), 2013 WL 5944203.

12.      Attached hereto as "**Exhibit 5**" is a true and correct copy of a printout from Westlaw of the verdict report for Preciado v. Alfaqir, Inc., JVR No. 1708170032, 2016 WL 9459360.

13.      Attached hereto as "**Exhibit 6**" is a true and correct copy of a printout from Westlaw of the verdict report for Polk v. Metropolitan Transportation Authority, 13 Trials Digest 15th 6 (2012), 2012 WL 864463.

14.      Attached hereto as "**Exhibit 7**" is a true and correct copy of a printout from Westlaw of the verdict report for Grodzik v. California Conservation Corps., JVR No. 810571 (2010), 2010 WL 3898722.

15.      Attached hereto as "**Exhibit 8**" is a true and correct copy of a printout from Westlaw of the verdict report for Kasai v. Canon USA Inc., 43 Trials Digest 11th 16 (2008), 2008 WL 4683456.

/ / /

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

13026085.1                                                          2                                    Case No. 3:25-cv-05417

DECLARATION OF DEREK W. PARADIS IN SUPPORT OF REMOVAL OF ACTION

16.    Attached hereto as "**Exhibit 9**" is a true and correct copy of a printout from Westlaw of the verdict report for <u>Lave v. Charter Communications LLC</u>, 35 Trials Digest 20th 2 (2017), 2017 WL 3712924.

17.    Attached hereto as "**Exhibit 10**" is a true and correct copy of a printout from Westlaw of the verdict report for <u>Ko v. The Square Group LLC</u>, JVR No. 1503030036 (2014), 2014 WL 8108413.

18.    Attached hereto as "**Exhibit 11**" is a true and correct copy of a printout from Westlaw of the verdict report for <u>Olivas-Dean v. American Meizhou Dongpo Group Inc.</u>, JVR No. 1708170006 (2017), 2017 WL 3531353.

19.    Attached hereto as "**Exhibit 12**" is a true and correct copy of a printout from Westlaw of the verdict report for <u>Doutt v. Human Healthy Vending LLC</u>, JVR No. 1708010026 (2017), 2017 WL 3277219.

20.    Attached hereto as "**Exhibit 13**" is a true and correct copy of a printout from Westlaw of the verdict report for <u>Wadler v. Bio-Rad Laboratories Inc.</u>, JVR No. 1702210002 (2017), 2017 WL 773849.

21.    Attached hereto as "**Exhibit 14**" is a true and correct copy of a printout from Westlaw of the verdict report for <u>Schermerhorn v. Los Angeles Unified School District</u>, 42 Trials Digest 10th 13 (2006), 2006 WL 4870633.

22.    Attached hereto as "**Exhibit 15**" is a true and correct copy of a printout from Westlaw of the verdict report for <u>Dickinson v. Allstate Ins. Co.</u>, 38 Trials Digest 14th 8 (2011), 2011 WL 4048838.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of June, 2025 at San Diego, California.

*/s/ Derek W. Paradis*

DEREK W. PARADIS

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13026085.1    3    Case No. 3:25-cv-05417
DECLARATION OF DEREK W. PARADIS IN SUPPORT OF REMOVAL OF ACTION

# EXHIBIT A

Electronically Filed Superior Court of CA County of Contra Costa 5/6/2025 3:04 PM By: C. Padilla, Deputy

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Vitas Healthcare Corporation of California, A Corporation Doing Business in California; and DOES 1 through 100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Zoila Rosales, an individual;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | CASE NUMBER:<br>(Número del Caso): C25-01295 |
|---|---|

The name and address of the court is:
(El nombre y dirección de la corte es):
Wakefield Taylor Courthouse
725 Court Street
Martinez California 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Narak Mirzaie 311508        (626) 626-4422
680 E. Colorado Blvd, Suite 180  Pasadena, CA 91101

| DATE:<br>(Fecha) | 5/6/2025 3:04 PM | Clerk, by<br>(Secretario) | /s/ C. Padilla | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒☒ on behalf of (specify): Vitas Healthcare Corporation of California, A Corporation Doing Business in California

under: ☒☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Processed by Court on 5/8/2025 8:19 AM

Electronically Filed Superior Court of CA County of Contra Costa 5/6/2025 3:04 PM By: C. Padilla, Deputy

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Narak Mirzaie 311508<br>M Law Attorneys, APC<br> 680 E. Colorado Blvd, Suite 180  Pasadena, CA 91101<br>TELEPHONE NO.: (626) 626-4422         FAX NO. : (626) 626-4420<br>EMAIL ADDRESS: litigation@mlawattorneys.com<br>ATTORNEY FOR *(Name):* Zoila  Rosales | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez 94553
 BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Rosales v. Vitas Healthcare Corporation of California

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>C25-01295 |
|---|---|---|
| [X] **Unlimited**    [ ] **Limited**<br>(Amount       (Amount<br>demanded    demanded is<br>exceeds $35,000)   $35,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 05/05/2025

Narak Mirzaie
       (TYPE OR PRINT NAME)         ▶      *N. Mirzaie*      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET**<br>Processed by Court on 5/8/2025 8:19 AM | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Electronically Filed Superior Court of CA County of Contra Costa 5/6/2025 3:04 PM By: C. Padilla, Deputy

Narak Mirzaie, Esq. (SBN #311508)
M LAW ATTORNEYS, APC
680 East Colorado Blvd. Suite 180
Pasadena, CA 91101
Tel: (626)626-4422
Fax: (626)626-4420

Attorneys for Plaintiff,
Zoila Rosales

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| **Zoila Rosales**, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>**Vitas Healthcare Corporation of California**, A Corporation Doing Business in California; and DOES 1 through 100, inclusive;<br><br>Defendants.<br><br>**SUMMONS ISSUED** | CASE NO.   C25-01295<br><br>Demand for Jury Trial<br><br>1. **Disability Discrimination and Wrongful Termination in Violation of FEHA;**<br><br>2. **Failure to Accommodate Disability;**<br><br>3. **Failure to Engage in Interactive Process;**<br><br>4. **Discrimination Based on Age in Violation of FEHA;**<br><br>5. **Meal & Rest Break Violation; and**<br><br>6. **Wrongful Termination in Violation of Public Policy.** |

Per local Rule, This case is assigned to
Judge Douglas, Danielle K, for all purposes.

Complaint for Damages– ZOILA ROSALES                    Page 1 of 14

Processed by Court on 5/8/2025 8:19 AM

## PARTIES

1.    Zoila Rosales (hereinafter "Plaintiff") is an individual who resides in the State of California.

2.    Vitas Healthcare Corporation of California (hereinafter "Defendant") is a Corporation doing business in California. Defendant is and/or at all times mentioned in this Complaint is a business and/or facility licensed to do business and actually is doing business in the State of California.

## JURISDICTION AND VENUE

3.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

4.    Events that are the subject of this action occurred in or near Antioch, California.

## DOE DEFENDANT

5.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

6.    Defendant Does 1 through 100, inclusive, were always relevant herein employees or agents of the other Defendants. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will pray leave of Court to amend this Complaint to allege their true names and capacities when ascertained.

7.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein gave consent to or ratified and authorized the acts alleged herein to each of the remaining defendants.

8.    Plaintiff is informed, believes, and thereon alleges that every Defendant designated

---

Complaint for Damages– ZOILA ROSALES                                          Page 2 of 14

herein, including all DOE Defendants, were negligently, wrongfully, carelessly, unlawfully, tortuously, or in some other actionable manner, responsible for the events and happenings herein referred to, and that their negligent and/or otherwise tortious and wrongful acts and/or omissions proximately caused, or were a substantial factor in causing, the injuries and damages to Plaintiff as are herein alleged, and that each Defendant and/or his, her, or its respective officers, directors, partners, managing directors, and/or shareholders ratified the wrongful acts and omissions of each other Defendant.

9.    Plaintiff is informed, believes, and thereon alleges that at all relevant times herein, every Defendant designated, including all DOE Defendants, was an agent, employee, joint venturer, partner, alter ego, conspirator, and/or legal representative of the remaining Defendants, and at all times mentioned herein, every Defendant designated herein, including all DOE Defendants, was acting within the time, authority, course, and scope of said agency, employment, joint venture, partnership, and/or conspiracy, and to further the objectives of the same, or as an alter ego and with the full knowledge, approval, ratification, permission, and consent of the other co-Defendants, and each of them, including the officers, directors, and managing agents of Defendants.

**EXHAUSTING ADMINISTRATIVE REMEDIES (FILING THE RIGHT TO SUE WITH THE DEPARTMENT OF FAIR HOUSING & EMPLOYMENT)**

10.    On or about May 5, 2025, Plaintiff filed her right-to-sue letter with the Department of Fair Housing & Employment. (See Exhibit A)

11.    Plaintiff has exhausted all administrative remedies.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

13.    Defendant employed Plaintiff as a licensed vocational nurse from September 20, 2009, until September 13, 2024. At the time of her termination, Plaintiff was an exemplary employee.

14.    On or about February 22, 2024, Plaintiff was placed on medical leave due to rheumatoid arthritis, causing severe pain in her hands and feet. Initially, Plaintiff's return-to-work date was May 20, 2024. However, as her condition worsened, her medical leave was extended to August 20, 2024, and later to November 20, 2024. While on leave, Plaintiff submitted all medical notes/documents to the Human Resources Representative (HR), Aishner Badillo (hereinafter "Mr. Badillo"), and the third-party agency, AFLAC Insurance.

15.    On or about September 12, 2024, Plaintiff called Mr. Badillo to inquire whether she could work part-time if she retires the following year. On or about September 12, 2024, the same day that Plaintiff inquired regarding whether she would be able to continue as a part-time employee after her retirement, Mr. Badillo informed Plaintiff that her employment would be terminated if she did not return to work on the following day, September 13, 2024.

16.    On or about September 13, 2024, Defendant terminated Plaintiff's employment despite the fact that Plaintiff was on an approved leave with a clear return to work date of November 20, 2024. Plaintiff, at age sixty-four (64), after fifteen (15) years of dedicated service to Defendant, was terminated while on an approved medical leave.Plaintiff

17.    believes, and on that basis, alleges that her disability and age were motivating factors in Defendant's decision to terminate her employment. Rather than accommodating Plaintiff's disability, Defendant discriminated against Plaintiff and terminated her employment while on an approved medical leave. Defendant failed to engage in a good-faith interactive process and failed to accommodate Plaintiff's disability. As a result of Defendant's decision to terminate Plaintiff, she has experienced financial loss and emotional and psychological distress.

18.     Finally, Defendant failed to ensure Plaintiff took timely meal and rest breaks. At times, Plaintiff took her breaks later into her shift and/or did not take them entirely and/or without interruptions. As such, Plaintiff is entitled to waiting time penalties.

## I. FIRST CAUSE OF ACTION

## (Disability Discrimination and Wrongful Termination in Violation of FEHA Against All Defendants and Does 1 Through 100)

19.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

20.     At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on Defendant(s). These statutes require defendants to refrain from discriminating against any employee based on his disability (including actual, perceived, history of, etc.). Within the time provided by law, Plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH), fully complying with administrative requirements, and received a right-to-sue letter.

21.     On or about February 22, 2024, Plaintiff was placed on medical leave due to rheumatoid arthritis, which caused severe pain in her hands and feet. While on leave, Plaintiff submitted all the medical documents to the Human Resources (HR) department, Mr. Badillo, and the third-party Agency, AFLAC Insurance.

22.     As Plaintiff's condition worsened, her medical leave was extended to August 20, 2024, and later to November 20, 2024.

23.     On or about September 12, 2024, Plaintiff contacted Mr. Badillo to inquire whether she could work part-time after she retires the following year. The same day, Mr. Badillo informed Plaintiff that she would be terminated if she didn't return to work the next day, on September 13, 2024.

24.     On or about September 13, 2024, Defendant terminated Plaintiff's employment while she was on an approved medical leave with a clear return-to-work date of November 20, 2024.

25.     Plaintiff believes and, on that basis, alleges that her disability was a motivating factor in Defendant's termination of her employment.

26.     As a proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

27.     As a proximate result of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

28.     Defendant's discrimination was done intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

29.     Plaintiff is informed and believes, and based thereon alleges, that the above acts committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

30.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

31.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of Court to amend this Complaint when the amounts are fully known.

///

///

## II. SECOND CAUSE OF ACTION

**(Failure to Accommodate Disability Against All Defendants and Does 1 Through 100)**

32.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

33.    At all times herein mentioned, FEHA, Government Code section §12940, *et seq.,* was in full force and effect and was binding on Defendant(s). These statutes require a defendant to provide reasonable accommodations to known disabled employees. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

34.    Defendant failed to accommodate Plaintiff's disability and terminated her employment while on an approved medical leave with a return to work date of November 20, 2024.

35.    As a proximate result of Defendant's willful, knowing, and intentional failure to accommodate Plaintiff's disability, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

36.    As a proximate result of Defendant's willful, knowing, and intentional failure to accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

37.    Defendant's misconduct was done intentionally, in a malicious, despicable, oppressive manner, entitling Plaintiff to punitive damages against Defendants.

38.    Plaintiff is informed and believes, and based thereon alleges, that the above acts committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

39.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct

Complaint for Damages– ZOILA ROSALES                                    Page 7 of 14

carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

40.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. At this time, Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

## III. THIRD CAUSE OF ACTION

**(Failure to Engage in Interactive Process in Violation of FEHA Against All Defendants and Does 1 Through 100)**

41.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

42.    At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on the Defendants. Gov.C. §12940(n) requires defendants to engage in a timely, good-faith interactive process to accommodate known disabled employees. FEAH Regulations provide that the employer *must* initiate the interactive process with an employee who has a known disability, a request for reasonable accommodation, or when the employer becomes aware of the need for accommodation (either through a third party, by observation, or the employer becomes aware of the possible need for accommodation due to the disabled employee exhausting leave).

43.    Defendants violated Gov. C. §12940(n) when they failed to engage with Plaintiff in a good-faith interactive process. Defendants had a duty to engage in interactive processes since Plaintiff's injuries were known to Defendant.

44.    Defendant terminated Plaintiff's employment without first engaging in an interactive process. Despite Plaintiff's submission of medical documents, Plaintiff was terminated while on medical leave.

45. Plaintiff believes and, on that basis, alleges that her disability was a motivating factor in Defendant's termination of her employment.

46. As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

47. As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

48. Defendant's misconduct was done intentionally, in a malicious, despicable, oppressive manner, entitling Plaintiff to punitive damages against Defendants.

49. Plaintiff is informed and believes, and based thereon alleges, that the above acts committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

50. The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

51. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

///

///

Complaint for Damages– ZOILA ROSALES                                      Page 9 of 14

## IV. FOURTH CAUSE OF ACTION

**(Discrimination Based on Age in Violation of FEHA Against All Defendants and Does 1 Through 100)**

52.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

53.    At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on Defendants. This statute requires defendants to refrain from discriminating against any employee because he or she is more than 40 years old. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

54.    Plaintiff was a qualified employee at the time of her termination. At the time of her termination,  Plaintiff was sixty-four (64) years old and one of the oldest, if not the eldest, employees in her position. Plaintiff dedicated fifteen (15) years of service to Defendant.

55.    Defendant discriminated against Plaintiff when Plaintiff inquired about part-time work if she chose to retire.

56.    Plaintiff believes that her inquiry regarding retirement and continued employment as a part-time employee was a motivating factor in Defendant's decision to terminate her position.

57.    The differential treatment regarding her age caused Plaintiff a great deal of stress and anxiety.

58.     For the foregoing reasons, Plaintiff believes and, on that basis, alleges that her age was a substantial motivating factor in Defendant's termination of her employment.

59.    As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

60. As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

61. Defendant's discrimination was done intentionally, in a fraudulent, malicious, oppressive manner, entitling Plaintiff to punitive damages.

62. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code §12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## V. FIFTH CAUSE OF ACTION

### (Meal & Rest Break Violations Against All Defendants and Does 1 Through 100)

63. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

64. Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

65. Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

Complaint for Damages– ZOILA ROSALES                                    Page 11 of 14

66.     Section 11(A) of the <u>IWC Wage Orders</u> provides that "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

67.     Section 11(B) of the <u>IWC Wage Order(s)</u> provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

68.     Section 12(B) of the <u>IWC Wage Order(s)</u> states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

69.     Defendants failed to ensure Plaintiff took timely meal and rest breaks. Since Plaintiff's work involved driving to patients' houses, Plaintiff was forced to work through her breaks and/or take untimely/breaks without interruptions.

70.     Defendants violated Labor Code § 226.7 by failing to pay one hour of Plaintiff's regular pay rate for each day rest periods were missed or were not timely. This amount is still owed and unpaid. Plaintiff's damages will be established at the time of trial according to proof.

## VI. SIXTH CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy Against All Defendants and Does 1 Through 100)**

71.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

---

Complaint for Damages– ZOILA ROSALES                                    Page 12 of 14

72.    At all times herein mentioned, the California Constitution, Article I, section 8, was in full force and effect and was binding on Defendant.

73.    Defendant intentionally discriminated against Plaintiff by terminating her employment while she was on approved medical leave. Defenant also terminated Plaintiff due to her age, as she inquired about work after retirement.

74.    For all reasons set forth above, Plaintiff believes and alleges that her disability was a motivating factor in Defendant's termination of her employment.

75.    As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

76.    As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

77.    Defendant's misconduct was done intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

78.    Plaintiff is informed and believes, and based thereon alleges, that the above acts committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

79.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees. At this time, Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1.    For Plaintiff's economic damages;

2.      For Plaintiff's non-economic damages;

3.      For punitive damages, pursuant to Civil Code §3294 in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future, as to all Defendants;

4.      For interest, thereon at the legal rate;

5.      Penalties under applicable labor code sections;

6.      For general damages, according to proof on each cause of action for which such damages are available;

7.      For special damages, according to proof on each cause of action for which such damages are available;

8.      For prejudgment and post-judgment interest according to law;

9.      For costs of suit incurred in this action, with interest;

10.     For costs and reasonable attorney's fees as provided by law;

11.     For punitive and exemplary damages; and

12.     For such other and further relief, the Court shall deem just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED,

M Law Attorneys, APC

Dated: May 5, 2025

By: _N. Mirzaie_

NARAK MIRZAIE, ESQ.
Attorneys for Plaintiff,
Zoila Rosales

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

May 5, 2025

Narak Mirzaie
680 East Colorado Blvd. Suite 180
Pasadena, CA 91101

RE:    **Notice to Complainant's Attorney**
CRD Matter Number: 202505-29266105
Right to Sue: Rosales / Vitas Healthcare Corporation of California

Dear Narak Mirzaie:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

May 5, 2025

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202505-29266105
      Right to Sue: Rosales / Vitas Healthcare Corporation of California

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

May 5, 2025

Zoila Rosales

,

RE:     **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202505-29266105
Right to Sue: Rosales / Vitas Healthcare Corporation of California

Dear Zoila Rosales:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective May 5, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Zoila Rosales                                                    CRD No. 202505-29266105

                                    Complainant,

vs.

Vitas Healthcare Corporation of California
,

                                    Respondents

_____

**1.** Respondent **Vitas Healthcare Corporation of California** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Zoila Rosales**, resides in the City of , State of .

**3.** Complainant alleges that on or about **September 13, 2024**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's age (40 and over), disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, other, denied accommodation for a disability.

**Additional Complaint Details:** 13.  Defendant employed Plaintiff as a licensed vocational nurse from September 20, 2009, until September 13, 2024. At the time of her termination, Plaintiff was an exemplary employee.
14.      On or about February 22, 2024, Plaintiff was placed on medical leave due to rheumatoid arthritis, causing severe pain in her hands and feet. Initially, Plaintiff's return-to-work date was May 20, 2024. However, as her condition worsened, her medical leave was extended to August 20, 2024, and later to November 20, 2024. While on leave, Plaintiff submitted all medical notes/documents to the Human Resources Representative (HR), Aishner Badillo (hereinafter "Mr. Badillo"), and the third-party agency, AFLAC Insurance.

-1-
*Complaint – CRD No. 202505-29266105*

Date Filed: May 5, 2025

CRD-ENF 80 RS (Revised 2025/02)

15.     On or about September 12, 2024, Plaintiff called Mr. Badillo to inquire whether she could work part-time if she retires the following year. On or about September 12, 2024, the same day that Plaintiff inquired regarding whether she would be able to continue as a part-time employee after her retirement, Mr. Badillo informed Plaintiff that her employment would be terminated if she did not return to work on the following day, September 13, 2024.

16.     On or about September 13, 2024, Defendant terminated Plaintiff's employment despite the fact that Plaintiff was on an approved leave with a clear return to work date of November 20, 2024. Plaintiff, at age sixty-four (64), after fifteen (15) years of dedicated service to Defendant, was terminated while on an approved medical leave.Plaintiff

17.     believes, and on that basis, alleges that her disability and age were motivating factors in Defendant's decision to terminate her employment. Rather than accommodating Plaintiff's disability, Defendant discriminated against Plaintiff and terminated her employment while on an approved medical leave. Defendant failed to engage in a good-faith interactive process and failed to accommodate Plaintiff's disability. As a result of Defendant's decision to terminate Plaintiff, she has experienced financial loss and emotional and psychological distress.

-2-
*Complaint – CRD No. 202505-29266105*

Date Filed: May 5, 2025

CRD-ENF 80 RS (Revised 2025/02)

VERIFICATION

I, **Narak Mirzaie**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On May 5, 2025, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Pasadena, CA**

-3-
*Complaint – CRD No. 202505-29266105*

Date Filed: May 5, 2025

CRD-ENF 80 RS (Revised 2025/02)

# EXHIBIT 1

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 30 of 88

33 Trials Digest 15th 18, 2012 WL 3541952 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

# Palma vs. Rite Aid Corporation

**TOPIC:**

Synopsis: Rite Aid accused of disability discrimination

Case Type: Labor & Employment; Discrimination; Labor & Employment; Disability/Medical Condition; Labor & Employment; Gender; Labor & Employment; Harassment-General; Intentional Torts; Infliction of Emotional Distress

DOCKET NUMBER: BC465411
STATE: California
COUNTY: Los Angeles

Verdict/Judgment Date: July 24, 2012

JUDGE: Michael L. Stern
**ATTORNEYS:**
Plaintiff: Carney R. Shegerian, Shegerian & Associates, Santa Monica; James Urbanic, Shegerian & Associates, Santa Monica.
Defendant: Sandra R. King, Manatt, Phelps & Phillips, Los Angeles; Alison S. White, Manatt, Phelps & Phillips, Los Angeles.

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $3,522,070

Range: $2,000,000-4,999,999
$81,319 past economic loss; $440,751 future economic loss; $1,500,000 past non-economic loss; $1,500,000 future non-economic loss against defendant Rite Aid. The jury declined to award punitive damages.

Trial Type: Jury

Deliberations: Not reported.

Jury Poll: Not reported.

**EXPERTS:**
Plaintiff: Not reported.
Defendant: Not reported.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**

According to court records: Plaintiff Martha Palma, a 46-year-old woman, was a store manager who got multiple promotions over 24 years with defendant Rite Aid Corp. Plaintiff said she began experiencing arthritic symptoms in 2008, and by 2010 her illness escalated to an aggressive form of rheumatoid arthritis. Plaintiff had difficulty walking, bending, lifting and using her hands.

In September 2010 defendant Jilbert Shahdaryan, a 30-year-old man, became plaintiff's district manager. Plaintiff claimed defendant Shahdaryan began to ridicule her, calling her "slow" and "lazy." Plaintiff said she took two medical leaves in six months, and defendant Shahdaryan asked her "Did you do this on purpose? Did you plan this?"

Plaintiff alleged defendant Shahdaryan gave her written warnings after she returned from leave and forced her to submit to repeated store inspections, trying to create a pretext to fire her. She was eventually suspended and fired for pretextual reasons, she claimed, after defendant Shahdaryan accused her of having employees work off the clock, an accusation plaintiff denied. Plaintiff alleged gender, disability and medical leave termination and alleged harassment and infliction of emotional distress. Defendant contended plaintiff was terminated because she required employees to work off the clock.

## CLAIMED INJURIES
According to court records:
Emotional distress.

## CLAIMED DAMAGES
According to court records:
Not reported.

## SETTLEMENT DISCUSSIONS
According to court records:

Not reported.

## COMMENTS
According to court records:

The complaint was filed July 14, 2001.

Trials Digest, A Thomson Reuters/West business
Los Angeles County Superior Court/Downtown

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 2

Viveros vs. Donahoe, 13 Trials Digest 16th 9 (2012)

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 33 of 88

13 Trials Digest 16th 9, 2012 WL 7854374 (C.D.Cal.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West

United States District Court, C.D. California, Western Division.

# Viveros vs. Donahoe

**TOPIC:**

Synopsis: Terminated postal worker entitled to damages, reinstatement

Case Type: Labor & Employment; Discrimination; Labor & Employment; Gender; Labor & Employment; Termination/ Constructive Discharge

DOCKET NUMBER: 10CV08593(MMM)
STATE: California
COUNTY: Not Applicable

Verdict/Judgment Date: November 30, 2012

JUDGE: Margaret M. Morrow
**ATTORNEYS:**

Plaintiff: Anahit Galstyan, Weidmann & Yun, Los Angeles; Andrew Kazakes, Weidmann & Yun, Los Angeles; Mark Weidmann, Weidmann & Yun, Los Angeles; Edward Yun, Weidmann & Yun, Los Angeles.
Defendant: Andre Birotte Jr., Office of U.S. Attorney, Los Angeles; Terrence M. Jones, Office of U.S. Attorney, Los Angeles; Leon W. Weidman, Office of U.S. Attorney, Los Angeles.

**SUMMARY:**

Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $225,000

Range: $200,000-499,999

$225,000 to plaintiff for emotional distress. Following the verdict, the parties filed a stipulation regarding damages, which included reinstatement for plaintiff. Based on the stipulation and verdict, the court awarded plaintiff $152,200 in back pay, $12,472 in overtime payments, $9,590 in TSP contributions and $279 interest for a total award of $399,541.

Trial Type: Jury

Trial Length: 4 days.

Deliberations: Not reported.

Jury Poll: Not reported.

**EXPERTS:**

Plaintiff: Not reported.
Defendant: Not reported.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**

According to court records: Plaintiff Elia Viveros worked for the Sherman Oaks Post Office as a letter carrier. In late 2008, she traveled to Mexico when her grandfather was ill and died. While in Mexico, plaintiff was diagnosed with a high-risk pregnancy and confined to total bed rest. She claimed she was instructed to avoid traveling to ensure she did not lose her baby to miscarriage.

Plaintiff said she informed her Station Manager, Raymond Bryant, about her condition, and Bryant immediately sought her termination.

According to plaintiff, Bryant concealed his plans from plaintiff and represented to her that her job was safe as long as she sent medical documentation. She accused Bryant of sending critical job notices to her Los Angeles apartment, knowing she was in rural Mexico and unable to receive or respond to them.

Plaintiff alleged violation of Title VII of 42 U.S.C.A. § 2000e, the Pregnancy Discrimination Act and the Family Medical Leave Act and claimed wrongful termination against Patrick R. Donahoe, the postmaster general of the United States Postal Service.

**CLAIMED INJURIES**

According to court records:
Emotional distress.

**CLAIMED DAMAGES**

According to court records:
$202,736 past lost wages; $487,771 future economic loss; $690,507 emotional distress.

**SETTLEMENT DISCUSSIONS**

According to court records:

Not reported.

**COMMENTS**

According to court records:

The complaint was filed Nov. 17, 2010.

Trials Digest, A Thomson Reuters/West business
Central District Federal Court/Los Angeles

**End of Document**                                                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 3

JVR No. 1608180029, 2016 WL 4426564 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West

Superior Court, Los Angeles County, California.

# NOONE v. JASON MICHAEL PAUL PRODUCTIONS INC.

BC586768

DATE OF FILING: July 01, 2015
DATE OF TRIAL/SETTLEMENT: July 28, 2016

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $766,500**
HIGH AMOUNT: $0

LOW AMOUNT: $0

**Related Court Documents:**
Joint statement of the case: 2016 WL 4211268

Plaintiff's trial brief: 2016 WL 4211271

Defendant's trial brief: 2016 WL 4211282

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: Douglas N. Silverstein, Kesluk, Silverstein & Jacob P.C., Los Angeles, CA
Plaintiff: Mia Munro, Kesluk, Silverstein & Jacob P.C., Los Angeles, CA
Plaintiff: Lauren J Morrison, Kesluk, Silverstein & Jacob P.C., Los Angeles, CA
Defendant: Robert W. Thompson, Callahan, Thompson, Sherman & Caudill L.L.P., Irvine, CA
Defendant: Brett E. Bitzer, Callahan, Thompson, Sherman & Caudill L.L.P., Irvine, CA

JUDGE: Stephanie M. Bowick

RANGE AMOUNT: $500,000 - 999,999
STATE: California
COUNTY: Los Angeles

**SUMMARY**
**PLAINTIFF:**
Sex: F

Age: Adult

**DEFENDANT:**
Sex: O

Organization Type: Jason Michael Paul Productions Inc.

**DAMAGES:**
Compensatory Pain & Suffering: $378,000

Compensatory Past Wages: $146,500

Compensatory Future Wages: $122,000

Total Compensatory Award: $646,500

Punitive Damages: $120,000

Hedonic Damages: $0

Property Damages: $0

Interest: $0

Other Damages: $0

Loss of Services: $0

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: true

Failure Grant Leave: false

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: false

Harassment: false

Hostile Work Env: false

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 38 of 88

Isolation: false

Lay Off: false

Loss Benefits: false

Loss Pay: false

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: true

**Entity Type: General Business Entity**
**STATUTES**
**Primary Specific Statute**
Primary Name: State

**Primary General Statute**
**Primary Name: Pregnancy Discrimination**
Primary General Statute Discrimination: true

Specific Statute: General

**General Statute: Retaliation**
General Statute Discrimination: false

Comparative Negligence Percentage: 0

**FACTS:**
Eimear Noone brought this action against Jason Michael Paul Productions Inc. for pregnancy discrimination, retaliation, failure to reasonably accommodate her pregnancy, and failure to pay wages. According to the plaintiff, a principal conductor for

concerts, she signed an employment contract with the defendant in December 2012, but in April 2012, she suffered a miscarriage and the defendant's owner made disparaging comments about her body regarding her pregnancy and miscarriage. Noone asserted in May 2013, she requested maternity leave for September and October 2013, but the defendant immediately began working to permanently replace her. The plaintiff claimed that she requested accommodations such as shortened remarks by producers, or a stool to use during shows, but the defendant refused, and shortened the remarks only when a symphony requested a shortened performance time. Noone argued that in retaliation, the defendant then began removing her from performances, and when she protested its refusal to accommodate her pregnancy, she was terminated, and it failed to pay the wages due her. The defendant denied liability and contended it was not obligated to continue the plaintiff's employment, and that it had legitimate business reasons for not retaining her. The jury found for the plaintiff and awarded her $38,000 for past economic loss, $122,000 for future economic loss, $250,000 for past emotional distress, $128,000 for future emotional distress, $3,500 for unpaid wages, $105,000 for waiting time penalties, and $120,000 in punitive damages.


Jury Verdict Research
COURT: Superior

---

**End of Document**                                  © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 4

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 41 of 88

45 Trials Digest 16th 9, 2013 WL 5944203 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

# Salinda vs. DIRECTV Inc.

**TOPIC:**
Synopsis: DIRECTV employee alleges discrimination, retaliation

Case Type: Labor & Employment; Discrimination; Labor & Employment; Disability/Medical Condition; Labor & Employment; Retaliation; Labor & Employment; Termination/Constructive Discharge

DOCKET NUMBER: BC475999
STATE: California
COUNTY: Los Angeles

Verdict/Judgment Date: August 23, 2013

JUDGE: Ronald M. Sohigian
**ATTORNEYS:**
Plaintiff: J. Bernard Alexander III, Alexander, Krakow & Glick, Santa Monica; Tracy L. Fehr, Alexander, Krakow & Glick, Santa Monica; Supreeta Sampath, Sampath Law Firm, Los Angeles; Gail D. Solo, Law Offices of Gail D. Solo, Beverly Hills; Jane Tanimura, Sampath Law Firm, Los Angeles.
Defendant: Cassidy M. English, Sheppard, Mullin, Richter & Hampton, Los Angeles; Dianne Baquet Smith, Sheppard, Mullin, Richter & Hampton, Los Angeles.

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $1,178,341

Range: $1,000,000-1,999,999
$159,112 to plaintiff for past economic damages

$369,229 to plaintiff for future economic damages

$400,000 to plaintiff for past noneconomic damages

$250,000 to plaintiff for future noneconomic damages

The jury attributed $214,171 of the damages to plaintiff's disability discrimination claim, $750,000 of the damages to plaintiff's failure to prevent discrimination and/or retaliation claim, and $214,170 of the damages to plaintiff's interactive process claim.

Trial Type: Jury

Deliberations: Not reported.

Jury Poll: Not reported.

Salinda vs. DIRECTV Inc., 45 Trials Digest 16th 9 (2013)

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 42 of 88

**EXPERTS:**

Plaintiff: Anthony E. Reading, Ph.D., psychologist, Beverly Hills, (310) 276-3545.

Defendant: Not reported.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**

According to court records: Plaintiff Noel Salinda was an employee of defendants DIRECTV Inc., DIRECTV Group Inc., DIRECTV LLC and DIRECTV Enterprises, which provided broadcast satellite service, for 13 years.

Plaintiff claimed she began working in 1998 as an executive assistant. She claimed she took over the responsibilities of a project specialist in the Advanced Services Department as well in March 2002. According to plaintiff, from March 2002 to July 2003, she witnessed a culture of favoritism for younger, female employees who engaged in sexual favors and relationships with male managers and executives in the company. She said she also discovered and complained about time card fraud by employees and abuse of corporate funds by management for personal use. Five people, including a senior vice-president and three project managers were allegedly terminated as a result.

Plaintiff claimed that in retaliation for her part in the investigation, she was stripped of her project specialist duties, and was told by management "you brought attention to yourself and you put yourself into this situation." Plaintiff said she remained de facto demoted during most of 2004 and all of 2005.

In September 2005, she was reportedly placed into a Traffic Specialist role full time, and worked in this role from September 2005 until her wrongful termination on Sept. 1, 2011. Plaintiff said she was improperly classified as salaried, as she was not part of the management team and could not make decisions independent of management directions. Plaintiff claimed she was required to be on-call 24-hours a day for one week every six weeks. According to plaintiff, she was not paid overtime, and her complaints to defendants were not addressed. Plaintiff also claimed she was required to pay for a land line and internet access at home in order to be on-call, and defendants refused to reimburse her for that expense.

Defendants reportedly hired a new employee in early 2008, and plaintiff said the practice of favoritism began again when a new employee, a younger female, was hired. Also in 2008, plaintiff was diagnosed with Central Serous Retinopathy, an eye disease that caused severe visual impairment. When plaintiff requested an accommodation in 2011, defendants reportedly retaliated against her by giving her a verbal warning that her job performance was not up to its usual standards and giving her a mid-year review in which her supervisors inappropriately stated she continued to make errors even after being given a different work load.

Plaintiff was eventually terminated.

Plaintiff alleged disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, failure to prevent discrimination and retaliation, age discrimination, and wrongful termination.

Defendants contended plaintiff made frequent and repeated errors and caused on-air broadcast outages, and she continued to have performance problems despite numerous warnings and accommodations. Defendant argued plaintiff was terminated for legitimate, non-discriminatory and non-retaliatory reasons and argued it engaged in an interactive process with plaintiff and provided requested accommodations.

**CLAIMED INJURIES**

NA

**CLAIMED DAMAGES**

According to court records:

Not reported.

Salinda vs. DIRECTV Inc., 45 Trials Digest 16th 9 (2013)

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 43 of 88

**SETTLEMENT DISCUSSIONS**

According to court records:

Not reported.

**COMMENTS**

According to court records:

The complaint was filed Dec. 30, 2011.

Trials Digest, A Thomson Reuters/West business
Los Angeles County Superior Court/Downtown

---

**End of Document**                                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 5

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 45 of 88

PRECIADO V. ALFAQIR INC.; SOCAL MOTORS; SOCAL..., JVR No. 1708170032...

JVR No. 1708170032, 2016 WL 9459360 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West

Superior Court, San Bernardino County, California.

# PRECIADO v. ALFAQIR INC.; SOCAL MOTORS; SOCAL MOTORS COMPANY INC.; FAOURI; ZAIDAN

CIVRS-13-07108

DATE OF TRIAL/SETTLEMENT: October 19, 2016

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $353,535**

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff:
Patricio T.D. Barrera, Barrera & Associates A.P.C., Manhattan Beach, CA
Defendant:
Marcella Lucente, Law Office of Marcella Lucente, Ontario, CA

JUDGE: Gilbert G. Ochoa

RANGE AMOUNT: $200,000 - 499,999
STATE: California
COUNTY: San Bernardino

**SUMMARY**
**PLAINTIFF:**
Sex: M

Age: Adult

General Occupation: Salesperson

**DEFENDANT:**
Sex: O

Organization Type: Alfaqir Inc.

Sex: O

Organization Type: SoCal Motors

Sex: O

Organization Type: SoCal Motors Company Inc.

PRECIADO V. ALFAQIR INC.; SOCAL MOTORS; SOCAL..., JVR No. 1708170032...

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 46 of 88

Sex: M

Age: Adult

Organization Type: Faouri

Sex: M

Age: Adult

Organization Type: Zaidan

**DAMAGES:**

Compensatory Pain & Suffering: $150,060

Compensatory Past Wages: $173,475

Compensatory Future Wages: $30,000

Total Compensatory Award: $353,535

**ADVERSE ACTION**

Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: true

Failure Grant Leave: false

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: false

Harassment: true

Hostile Work Env: false

Isolation: false

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 47 of 88

PRECIADO V. ALFAQIR INC.; SOCAL MOTORS; SOCAL..., JVR No. 1708170032...

Lay Off: false

Loss Benefits: false

Loss Pay: false

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: true


**Entity Type: Service/Retail Company**
**STATUTES**
**Primary Specific Statute**
Primary Name: State


**Primary General Statute**
**Primary Name: Disability Discrimination**
Primary General Statute Discrimination: true

Specific Statute: General


**General Statute: Retaliation**
General Statute Discrimination: false

Specific Statute: General


**General Statute: Wrongful Termination**
General Statute Discrimination: false

Comparative Negligence Percentage: 0

Case 3:25-cv-05417-JSC Document 1-1 Filed 06/27/25 Page 48 of 88

PRECIADO V. ALFAQIR INC.; SOCAL MOTORS; SOCAL..., JVR No. 1708170032...

**FACTS:**

Ricardo Preciado sued Alfaqir Inc., SoCal Motors and SoCal Motors Company Inc. for disability discrimination, retaliation, failure to participate in the interactive process, failure to provide reasonable accommodation, failure to prevent discrimination and/or retaliation, wrongful termination in violation of public policy, failure to pay commission wages, and defamation. The plaintiff was employed by the entity defendants as a car salesperson from May 2011 until his termination on Aug. 20, 2013. The plaintiff reportedly took leave under the California Family Rights Act (CFRA) beginning in June 2013 in order to care for his wife, who was having pregnancy complications and was at risk of suffering a miscarriage. Preciado said that when he first informed his supervisor of his need to take leave, the supervisor told him the company would lose money due to his absence and that his wife was not the company's problem. After the plaintiff learned of his wife's medical issues, he reportedly began to have anxiety attacks and severe stress which were exacerbated by his employers' disregard for his wife's medical needs. He was reportedly harassed by his supervisors for missing work due to his own disability prior to taking the CFRA leave. When Preciado attempted to return from leave, he was reportedly terminated. He contended this constituted wrongful termination in violation of public policy, and he brought additional causes of action for disability discrimination, retaliation, failure to participate in the interactive process, failure to provide reasonable accommodation, and failure to take all reasonable steps to prevent discrimination and retaliation, all in violation of the Fair Employment and Housing Act (FEHA). He further contended the entity defendants withheld his commission pay during his employment, and he alleged a cause of action for failure to pay proper wages in violation of Cal. Lab. Code Sec. 221. In addition, he alleged a cause of action for defamation against the entity defendants and his supervisors, defendants Magic Faouri and Steve Mustafa Zaidan, who he claimed made false and defamatory statements about the plaintiff to other employees and customers, including that he stole money from the company. The defendants denied liability. The jury found in favor of the plaintiff on all causes of action.

Jury Verdict Research
COURT: Superior

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 6

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 50 of 88

Polk vs. Metropolitan Transportation Authority, 13 Trials Digest 15th 6 (2012)

13 Trials Digest 15th 6, 2012 WL 864463 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

# Polk vs. Metropolitan Transportation Authority

**TOPIC:**
Synopsis: Bus driver terminated after cancer diagnosis

Case Type: Labor & Employment; Discrimination; Labor & Employment; Disability/Medical Condition; Labor & Employment; Retaliation; Labor & Employment; Termination/Constructive Discharge

DOCKET NUMBER: BC443358
STATE: California
COUNTY: Los Angeles

Verdict/Judgment Date: January 23, 2012

JUDGE: Mary Ann Murphy
**ATTORNEYS:**
Plaintiff: Douglas B. Hayes, Hurwitz, Orihuela & Hayes, Universal City; Cory H. Hurwitz, Hurwitz, Orihuela & Hayes, Universal City; Nicolas Orihuela, Hurwitz, Orihuela & Hayes, Universal City.
Defendant: Ruben Baeza, Office of County Counsel, Los Angeles; Bruce W. Cochran, Office of County Counsel, Los Angeles; Joanne Nielsen, Office of County Counsel, Los Angeles.

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $250,000

Range: $200,000-499,999
$125,000 past non-economic damages; $125,000 future non-economic damages. The jury determined plaintiff's cancer was not a motivating reason for defendant's decision to terminate his employment, that defendant did not fail to provide a reasonable accommodation for plaintiff's cancer, and that defendant did not retaliate against plaintiff for complaining about discrimination. However, the jury did find defendant failed to engage in the interactive process.

Trial Type: Jury

Deliberations: Not reported.

Jury Poll: Not reported.

**EXPERTS:**
Plaintiff: Not reported.
Defendant: Not reported.

**TEXT:**

## CASE INFORMATION

**FACTS/CONTENTIONS**

According to court records: Plaintiff John Polk was employed by defendant Metropolitan Transportation Authority as a bus operator for approximately five years.

In December 2008, plaintiff was diagnosed with cancer. As a result, he had to obtain cancer-related treatments three times a week from his physician.

Defendant terminated plaintiff's employment in August 2009. Plaintiff alleged defendant did not accommodate and engage in the interactive process regarding his need for cancer treatment. Plaintiff also claimed defendant terminated him because of his cancer.

Plaintiff alleged medical condition discrimination, failure to reasonably accommodate, failure to engage in the interactive process, and retaliation, all in violation of Government Code 12940 and wrongful termination.

Defendant denied it failed to accommodate and engage in the interactive process with plaintiff and denied plaintiff was terminated because of his cancer.

**CLAIMED INJURIES**

NA

**CLAIMED DAMAGES**

According to court records:
Not reported.

**SETTLEMENT DISCUSSIONS**

According to court records:

Not reported.

**COMMENTS**

According to court records:

The complaint was filed on August 9, 2010.

Trials Digest, A Thomson Reuters/West business
Los Angeles County Superior Court/Downtown

---

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 7

JVR No. 810571, 2010 WL 3898722 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

# GRODZIK v. CALIFORNIA CONSERVATION CORPS.

2008-00017106

DATE OF TRIAL: June, 2010

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Non Verdict Award:**
**Total Verdict: $159,152**
**Judge Reduced Award To:**
**Claimed Past Medical:**
**Claimed Future Medical:**
**Claimed Past Wage Expense:**
**Claimed Future Wage Expense:**
Plaintiff's Economist:

Defendant's Economist:

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: Jill P. Tefler, Sacramento, CA
Defendant: Jeffrey J. Schwarzschild, Sacramento, CA
David J. Neill, Sacramento, CA

JUDGE: Not Available

RANGE AMOUNT: $100,000 - 199,999
STATE: California
COUNTY: Sacramento

**SUMMARY**
**PLAINTIFF:**
Sex: Female

Age: 66

**PRIMARY STATUTE OR GROUND: Disability Discrimination-State**
**SECONDARY STATUTE OR GROUND:**
**GENERAL ENTITY TYPE: Public Administration**
**SPECIFIC ENTITY TYPE: Public Administration--General**
**ADVERSE EMPLOYMENT ACTION: Termination**
**AMOUNT OF AWARD AFTER STATUTORY LIMIT:**

**ATTORNEY'S FEES:**
**DAMAGES:**
Past Medical:

Future Medical:

Past Wage:

Future Wage:

Pain and Suffering: $159,152

Other:

Total: $159,152

Punitive:

Hedonic:

Other:

Interest:

Loss of Services:


**FACTS:**
A 66-year-old hispanic female former residential advisor, who had diabetes, angina and anxiety and depressive disorders, sued he defendant claiming disability discrimination and retaliation in violation of state law. The plaintiff alleged that the defendant wrongfully terminated her due to her disabilities and in retaliation for her complaints and participation in investigations of discrimination, sexual harassment and safety issues, and her assistance to other female employees in filing sexual harassment complaints. The defendant denied the allegations and claimed that the plaintiff failed to take advantage of the preventive or corrective opportunites provided. The defendant further claimed that it exercised reasonable care to prevent and correct all discriminatory, harassing and illegal behavior.


Jury Verdict Research
COURT:

**End of Document**    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 8

43 Trials Digest 11th 16, 2008 WL 4683456 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

# Kasai vs. Canon USA Inc.

**TOPIC:**
Synopsis: Employee fired after complaining about workplace conditions/injury

Case Type: Labor & Employment; Workplace Injury; Labor & Employment; Retaliation; Labor & Employment; Termination/ Constructive Discharge

DOCKET NUMBER: BC374118
STATE: California
COUNTY: Los Angeles
Verdict/Judgment Date: September 26, 2008

JUDGE: Jane L. Johnson
**ATTORNEYS:**
Plaintiff: Nancy L. Abrolat, Abrolat & Teren, Redondo Beach; Kevin A. McDowell, Abrolat & Teren, Redondo Beach; Pamela McKibbin Teren, Abrolat & Teren, Redondo Beach.
Defendant: Lorraine H. O'Hara, Seyfarth Shaw, Los Angeles; Karen A. Rooney, Seyfarth Shaw, Los Angeles; Carolyn E. Sieve, Seyfarth Shaw, Los Angeles.

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $940,000

Range: $500,000-999,999
$332,000 past lost earnings; $308,000 future lost earnings; $300,000 past emotional distress.

Trial Type: Jury

Deliberations: Not reported.

Jury Poll: Not reported.

**EXPERTS:**
Plaintiff: Richard B. Danehy, human resources consultant, Fraser Richards LLC, Goleta, (805) 968-9686.; Barbara Giesser, M.D., neurologist, Los Angeles.; Laurence Gorlick, M.D., internist, Los Alamitos.; Hakimeh Kadivar, M.D., otolaryngologist, Lancaster.; Kaye H. Kilburn, M.D., occupational health/environmental physician, USC, Los Angeles, (323) 442-1830.; Tim Morrison, environmental hygienist, Pacific Health & Safety, Irvine.; Anthony E. Reading, Ph.D., psychologist, UCLA Medical School, Beverly Hills, (310) 276-3545.; Pantea Sharifi, M.D., neurologist, Palos Verdes Estates.
Defendant: Ted Anderson, Ph.D., economist, Welch & Associates, Santa Monica, (310) 393-5530.; Richard S. Gluckman, M.D., neurologist, San Pedro, (310) 832-6428.; Angel Gomez, human resources, Los Angeles.; Peter Greaney, M.D.,

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 57 of 88

occupational medicine, Orange, (714) 978-7488.; Peter M. Jaramillo C.I.H., industrial hygienist, Antioch.; Andrew Saxon, M.D., immunologist, UCLA, Los Angeles, (310) 825-6011.; Robert Strode, M.S., C.I.H., industrial hygienist, Wheat Ridge, CO.; Lawrence Warick, M.D., Ph.D., psychiatry, Santa Monica, (310) 264-7808.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**

According to court records: Plaintiff Kelly Kasai was employed as a sales representative for defendant Canon Business Solutions-West Inc. Plaintiff alleged the workplace environment was unsafe/unhealthy, and that, as a result, she sustained a work-related injury. Plaintiff further alleged that she complained to defendant about the workplace environment being unsafe/unhealthy and that it caused her injury. Plaintiff claimed defendant retaliated against her as a result of these complaints and ultimately terminated her.

Defendant denied that its workplace was unsafe or unhealthy and denied that plaintiff was injured at work. Defendant further denied that it retaliated against her or that it terminated her. Defendant alleged plaintiff abandoned her job.

Defendant said plaintiff left on a disability leave of absence in January 2006 and requested a position away from the Gardena office when she notified defendant of her intent to return to work in June 2006. After approximately four months of communications to plaintiff to advise her of available positions in offices other than the Gardena office, it was clear she had no intent to return to work with defendant.

**CLAIMED INJURIES**

According to court records:
Not reported.

**CLAIMED DAMAGES**

According to court records:
Not reported.

**SETTLEMENT DISCUSSIONS**

According to court records:

Not reported.

**COMMENTS**

According to court records:

The complaint was filed on July 11, 2007.

Trials Digest, A Thomson Reuters/West business
Los Angeles County Superior Court/Downtown

**End of Document**                                                      © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 9

35 Trials Digest 20th 2, 2017 WL 3712924 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Riverside County, California.

# Lave v. Charter Communications L.L.C.

**TOPIC:**
Synopsis: Communications company fires technician after FMLA leave

Case Type: Labor & Employment; Retaliation; Labor & Employment; Family & Medical Leave; Labor & Employment; Disability/Medical Condition; Labor & Employment; Discrimination; Labor & Employment; Termination/Constructive Discharge; Labor & Employment; Violation of Public Policy; Intentional Torts; Infliction of Emotional Distress

DOCKET NUMBER: RIC-15-08865
STATE: California
COUNTY: Riverside

**Related Court Documents:**
Plaintiff's complaint: 2015 WL 13466411

Verdict form: 2017 WL 2909672

Judgment: 2017 WL 2901375

Verdict/Judgment Date: May 19, 2017

JUDGE: John W. Vineyard
**ATTORNEYS:**
Plaintiff: Jeffrey A. Rager, The Rager Law Firm, Torrance, CA; James Y. Yoon, The Rager Law Firm, Torrance, CA
Defendant: Zack I. Domb, Fisher & Phillips L.L.P., Los Angeles, CA; Regina A. Petty, Fisher & Phillips L.L.P., San Diego, CA

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $575,000

Range Amount: $500,000 - 999,999
$575,000 to plaintiff from defendant for past noneconomic losses

The jury found for plaintiff on his claims for retaliation in violation of CFRA, violation of Cal. Lab. Code Sec. 233 et seq., disability discrimination, wrongful termination in violation of public policy, failure to remedy and/or prevent discrimination and retaliation, and intentional infliction of emotional distress.

Post-trial, the court awarded plaintiff $400,800 for attorney fees and $70,548 for costs, for a total judgment of $1,046,348.

Defendant's motions for judgment notwithstanding the verdict and new trial were denied.

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 60 of 88

Trial Type: Jury

Trial Length: 20 days

Deliberations: 1.5 days

Jury Poll: Mixed poll

**EXPERTS:**
Plaintiff: Anthony Reading, Ph.D., Psychology/Counseling, Beverly Hills, CA; Allison West, Esq., Human Resources Policies, Employment Practices Specialists, Pacifica, CA
Defendant: James Rosenberg, M.D., Psychiatry, Woodland Hills, CA; Amy Oppenheimer, J.D., Human Resources Policies, Law Offices of Amy Oppenheimer, Berkeley, CA

**FACTS/CONTENTIONS:**
According to the plaintiff's lawyer: On Jan. 5, 2015, plaintiff Anthony Lave, 53, a broadband technician for defendant Charter Communications L.L.C., took a day off for a pre-existing back condition. He was counseled the following day for attendance. On Jan. 8, 2015, plaintiff filed an internal Ethics Point complaint of retaliation with defendant. From Jan. 9, 2015 to Jan. 22, 2015, plaintiff took leave under the California Family Rights Act (CFRA) / Family Medical Leave Act (FMLA) for his back condition. When plaintiff notified defendant of his back injury and need for leave, his supervisor responded in writing to human resources that he was speechless and shaking his head. The same supervisor suspended plaintiff on Feb. 10, 2015. Plaintiff never returned to work after the suspension, as he was fired a week later on Feb. 17, 2015. Defendant contended that plaintiff acted inappropriately in front of a customer.
Plaintiff sued defendant and alleged claims for retaliation in violation of CFRA, violation of Cal. Lab. Code Sec. 233 et seq., disability discrimination, wrongful termination in violation of public policy, failure to remedy and/or prevent discrimination and retaliation, intentional infliction of emotional distress, retaliation in violation of the Fair Employment and Housing Act (FEHA), and failure to accommodate.
Defendant denied liability.

**CLAIMED INJURIES:**
According to the plaintiff's lawyer: Emotional distress. Plaintiff suffered depression, insomnia, irritability, loss of appetite and ability to derive pleasure, and ongoing anxiety. He was diagnosed with an Adjustment Disorder with Depressed Mood.

**CLAIMED DAMAGES:**
According to the plaintiff's lawyer: Plaintiff worked with the company since May 2008. After he was terminated, he was able to find a job with comparable compensation within three months. There was no claim for loss of earnings.

**SETTLEMENT DISCUSSIONS:**
According to the plaintiff's lawyer: Demand: $250,000 (Cal. Civ. Proc. Code Sec. 998). Offer: $26,960, reduced to $0 during trial.

**COMMENTS:**
According to court records: The complaint was filed July 28, 2015.

Trials Digest, a Thomson Reuters/West business

JVR 1708240057

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 10

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 63 of 88

KO v. THE SQUARE GROUP L.L.C. D/B/A THE SQUARE..., JVR No. 1503030036...

JVR No. 1503030036, 2014 WL 8108413 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

# KO v. THE SQUARE GROUP L.L.C. D/B/A THE SQUARE SUPERMARKET; IXZIBIT INC.

BC487739

DATE OF FILING: July 03, 2012
DATE OF TRIAL/SETTLEMENT: June 16, 2014

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $723,645**
HIGH AMOUNT: $0

LOW AMOUNT: $0

**Related Court Documents:**
Plaintiff's third amended complaint: 2013 WL 8846675

Joint statement of the case: 2014 WL 3772884

Verdict form: 2014 WL 3542203

Verdict form (punitive damages): 2014 WL 3542221

Judgment: 2014 WL 3555573

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: Henry M. Lee, Henry M. Lee Law Corporation, Los Angeles, CA
Plaintiff: Robert Myong, Henry M. Lee Law Corporation, Los Angeles, CA
Defendant: Eugene S. Alkana, Law Office of Eugene Alkana, Pasadena, CA
Defendant: Jonathan M. Turner, Epstein Turner Weiss P.C., Los Angeles, CA
Defendant: Talin M. Gregorian, Epstein Turner Weiss P.C., Los Angeles, CA

JUDGE: Michael L. Stern

RANGE AMOUNT: $500,000 - 999,999
STATE: California
COUNTY: Los Angeles

**SUMMARY**
**PLAINTIFF:**
Sex: F

KO v. THE SQUARE GROUP L.L.C. D/B/A THE SQUARE..., JVR No. 1503030036...

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 64 of 88

Age: Adult

**DEFENDANT:**
Sex: O

Organization Type: The Square Group L.L.C. d/b/a The Square Supermarket

Sex: O

Organization Type: Ixzibit Inc.

**DAMAGES:**
Compensatory Pain & Suffering: $125,000

Compensatory Past Wages: $73,980

Compensatory Future Wages: $14,665

Compensatory Other: $10,000

Total Compensatory Award: $223,645

Punitive Damages: $500,000

Hedonic Damages: $0

Property Damages: $0

Interest: $0

Other Damages: $0

Loss of Services: $0

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: true

Failure Grant Leave: true

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 65 of 88

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: false

Harassment: false

Hostile Work Env: false

Isolation: false

Lay Off: false

Loss Benefits: false

Loss Pay: true

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: true


**Entity Type: Service/Retail Company**
**STATUTES**
**Primary Specific Statute**
Primary Name: State


**Primary General Statute**
**Primary Name: Disability Discrimination**
Primary General Statute Discrimination: true

Specific Statute: General

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 66 of 88

KO v. THE SQUARE GROUP L.L.C. D/B/A THE SQUARE..., JVR No. 1503030036...

**General Statute: Retaliation**
General Statute Discrimination: false

Specific Statute: General

**General Statute: Wrongful Termination**
General Statute Discrimination: false

Comparative Negligence Percentage: 0

**FACTS:**

Eun Joo Ko, a female former buyer and data entry employee, sued The Square Group L.L.C. d/b/a The Square Supermarket and alleged joint employer, Ixzibit Inc., a management company, for disability discrimination, failure to engage in a good faith interactive process, failure to provide a reasonable accommodation, retaliation, failure to prevent discrimination/retaliation, and wrongful termination in violation of public policy and the Fair Employment and Housing Act (FEHA), and Cal. Govt. Code Secs. 12900 et seq. Ko also filed claims for failure to pay overtime wages, and failure to pay for missed meals and rest periods, pursuant to Labor Code Sec. 203 and Sec. 226.7. The plaintiff alleged that in January 2012, she experienced severe abdominal pains that prevented her from standing for long periods of time or performing strenuous physical activity, which affected her ability to work. Ko asserted after she was diagnosed with a kidney infection, she was instructed to take a week off from work as part of her treatment and recovery, and she faxed a note from her doctor requesting medical leave. She claimed that her request for medical leave was denied without engaging in a good faith interactive process, that after she called and spoke with one of the store manager, she was instructed not to return to work, and to re-send the doctor's note, but the following day she was terminated. Ko argued that with reasonable accommodations, she could have continued to work in the same position as before, but the defendants discriminated against her by failing to provide her with a reasonable accommodation, terminated her in retaliation for taking medical leave, and that they acted with malice or oppression against her. According to the plaintiff, the majority of her duties involved cleaning the store, reviewing the inventory for the housewares department, placing orders, setting up displays, stocking inventory, and receiving inventory, but she was not paid properly, and was owed wages for unpaid overtime, missed meals and rest breaks. The defendants denied the allegations and contended in the months prior to Ko's termination, there were various complaints from other employees regarding her performance and conduct as a manager, that she left her tasks incomplete, failed to follow up on customer complaints as required, and failed to show up for work without explanation or advance notice. They also argued that Ko's kidney infection diagnosis was not a disability within the meaning of the FEHA, and that she was a manager, therefore, she was not entitled to hourly overtime wages. Furthermore, the defendants denied Ixzibit Inc. was a joint employer of the plaintiff. The jury found that Ixzibit Inc. was not an employer of the plaintiff, and returned a verdict in its favor. However, the jury found for the plaintiff against The Square Group L.L.C. on all claims and awarded her $41,047 in lost wages, $14,665 in future loss earnings, $125,000 for emotional distress, $10,000 in lost benefits, and $500,000 in punitive damages. The jury also awarded the plaintiff $32,933 in unpaid overtime wages, missed meals and rest breaks.

Jury Verdict Research
COURT: Superior

End of Document                                                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 11

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 68 of 88

OLIVAS-DEAN v. AMERICAN MEIZHOU DONGPO GROUP..., JVR No. 1708170006...

JVR No. 1708170006, 2017 WL 3531353 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

## OLIVAS-DEAN v. AMERICAN MEIZHOU DONGPO GROUP INC.; YANG; HERNANDEZ

BC581538

DATE OF INCIDENT: November 30, 2014
DATE OF FILING: May 12, 2015
DATE OF TRIAL/SETTLEMENT: April 24, 2017

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $350,000**

**Related Court Documents:**
Defendants' memorandum in support of motion for summary judgment: 2016 WL 7496552

Plaintiff's memorandum opposing defendants' motion for summary judgment: 2016 WL 7496551

Order on defendants' motion for summary judgment: 2016 WL 7484850

Defendants' memorandum in support of motion for summary adjudication: 2016 WL 9275958

Plaintiff's memorandum opposing defendants' motion for summary adjudication: 2017 WL 2909610

Order on defendants' motion for summary adjudication: 2017 WL 2909305

Joint statement of the case: 2017 WL 2909675

Verdict form 1 (claims against defendant American Meizhou Dongpo Group): 2017 WL 2909430

Verdict form 2 (claims against defendants Yang and Hernandez): 2017 WL 2909422

Verdict (punitive damages): 2017 WL 2909431

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff:
Geoffrey C. Lyon, Lyon Law P.C., Long Beach, CA
Defendant:
Jeffrey C.P. Wang, WHGC Law P.L.C., Newport Beach, CA
Kathleen E. Alparce, WHGC Law P.L.C., Newport Beach, CA
W. Jeffrey Burch, WHGC Law P.L.C., Newport Beach, CA

JUDGE: Frederick C. Shaller

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 69 of 88

OLIVAS-DEAN v. AMERICAN MEIZHOU DONGPO GROUP..., JVR No. 1708170006...

RANGE AMOUNT: $200,000 - 499,999
STATE: California
COUNTY: Los Angeles

**SUMMARY**
**PLAINTIFF:**
Sex: M

Age: Adult

General Occupation: Food Service Worker

**DEFENDANT:**
Sex: O

General Occupation: Restaurant, Nightclub or Tavern

Organization Type: American Meizhou Dongpo Group Inc.

Sex: M

Age: Adult

General Occupation: Middle Manager

Organization Type: Yang

Sex: M

Age: Adult

General Occupation: Middle Manager

Organization Type: Hernandez

**DAMAGES:**
Compensatory Pain & Suffering: $20,000

Compensatory Past Wages: $80,000

Total Compensatory Award: $100,000

Punitive Damages: $250,000

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: true

Failure Grant Leave: false

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: true

Harassment: true

Hostile Work Env: true

Isolation: false

Lay Off: false

Loss Benefits: false

Loss Pay: true

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: true

**Entity Type: Service/Retail Company**

OLIVAS-DEAN v. AMERICAN MEIZHOU DONGPO GROUP..., JVR No. 1708170006...

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 71 of 88

**STATUTES**
**Primary Specific Statute**
Primary Name: State


**Primary General Statute**
**Primary Name: Sexual Harassment**
Primary General Statute Discrimination: false


Specific Statute: State


**General Statute: Sex Discrimination**
General Statute Discrimination: true

Specific Statute: State


**General Statute: Sexual Orientation Discrimination**
General Statute Discrimination: true

Specific Statute: State


**General Statute: Disability Discrimination**
General Statute Discrimination: true

Specific Statute: General


**General Statute: Retaliation**
General Statute Discrimination: false

Specific Statute: General


**General Statute: Wrongful Termination**
General Statute Discrimination: false

Comparative Negligence Percentage: 0


**FACTS:**

Tony Olivas-Dean, a server, sued American Meizhou Dongpo Group, Inc., and managers Frank Yang and Pablo Hernandez for sexual harassment and discrimination based on his gender and sexual orientation, under Cal. Gov't Code Secs. 12940(j) and 12940(a), as well as disability discrimination, under Cal. Gov't Code Secs. 12940(a), 12940(m) and 12940(n), retaliation, wrongful termination, and battery under the California Fair Employment and Housing Act (FEHA). The plaintiff claimed Hernandez harassed him because of his sex and sexual orientation by telling him he had 'pretty eyes' and making suggestive comments, pressing his crotch against his backside, pinching and grabbing him, and giving him unwanted massages. Olivas-Dean asserted after he complained about the sexual harassment, Hernandez allegedly began attributing other employees' errors to him, gave his tables to other servers, sent him home early, cut his shifts, and forced him to give excessive tips to other employees.

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 72 of 88

OLIVAS-DEAN v. AMERICAN MEIZHOU DONGPO GROUP..., JVR No. 1708170006...

He claimed after Hernandez directed him to move and clean heavy stone and steel tables, he suffered a back injury and ligament damage to his wrist and ankle, that he reported his injuries to Hernandez and Yang, but they allegedly refused his request for light duty that would not aggravate his injuries. He alleged in August 2014, Yang ran his fingers through his hair in a sexual manner, asked him out to dinner, offered to make him drinks, pinched his hips, and held his hand. Olivas-Dean said after he indicated he was not interested, Yang reportedly assigned him less desirable sections, yelled at him, gave away his assigned tables, and sent him home early. The plaintiff asserted after he filed complaints with the Equal Employment Opportunity Commission and Department of Fair Employment and Housing, Yang allegedly yelled at him in front of customers about 'trying to sue them.' The plaintiff argued that after he contacted a workers' compensation attorney about his work-related injuries and disabilities, Yang refused to allow him to add more tables to his section, yelled at him, and then fired him. The defendants denied the claims and argued that they terminated the plaintiff for allegedly making false statements on his employment application, failed to disclose that he was terminated from one job for harassing other employees, and fired from at least three other jobs. Moreover, they argued that they fired the plaintiff for being so loud that customers complained, getting into conflicts with other employees, and yelling and becoming abusive with an assistant manager. The jury found for the plaintiff on his claims for wrongful termination and failure to prevent discrimination or retaliation against American Meizhou Dongpo Group and awarded him $80,000 for past lost earnings, $20,000 for past mental and emotional suffering, and $250,000 in punitive damages.

Jury Verdict Research
COURT: Superior

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

---

# EXHIBIT 12

DOUTT v. HUMAN HEALTHY VENDING LLC; HUMAN..., JVR No. 1708010026...

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 74 of 88

JVR No. 1708010026, 2017 WL 3277219 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

## DOUTT v. HUMAN HEALTHY VENDING LLC; HUMAN TECHNOLOGIES LLC

BC566336

DATE OF INCIDENT: August 06, 2014
DATE OF FILING: December 10, 2014
DATE OF TRIAL/SETTLEMENT: April 12, 2017

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $172,000**

**Related Court Documents:**
Verdict: 2017 WL 2909427

Verdict (punitive damages): 2017 WL 2909425

Judgment: 2017 WL 2909312

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff:
Sarah B. Schlehr, The Schlehr Law Firm P.C., Burbank, CA
Svetlana Kuperman, The Schlehr Law Firm P.C., Burbank, CA
Defendant:
Tamar G. Arminak, Arminak Law A.P.C., Glendale, CA
Marselin S. Koshkaryan, Arminak Law A.P.C., Glendale, CA
Robert D. Coviello, Law Office of Robert D. Coviello, Irvine, CA

JUDGE: Yvette M. Palazuelos

RANGE AMOUNT: $100,000 - 199,999
STATE: California
COUNTY: Los Angeles

**SUMMARY**
**PLAINTIFF:**
Sex: F

Age: Adult

General Occupation: Clerical Worker

**DEFENDANT:**

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 75 of 88

DOUTT v. HUMAN HEALTHY VENDING LLC; HUMAN..., JVR No. 1708010026...

Sex: O

Organization Type: Human Healthy Vending LLC

Sex: O

Organization Type: Human Technologies LLC

**DAMAGES:**

Compensatory Pain & Suffering: $16,000

Compensatory Past Wages: $48,000

Total Compensatory Award: $64,000

Punitive Damages: $108,000

**ADVERSE ACTION**

Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: true

Failure Grant Leave: false

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: false

Harassment: true

Hostile Work Env: true

Isolation: false

Lay Off: false

Loss Benefits: false

DOUTT v. HUMAN HEALTHY VENDING LLC; HUMAN..., JVR No. 1708010026...

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 76 of 88

Loss Pay: true

Loss Seniority: false

Negative Eval: false

Negative Reference: true

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: true

**Entity Type: General Business Entity**
**STATUTES**
**Primary Specific Statute**
Primary Name: State

**Primary General Statute**
**Primary Name: Disability Discrimination**
Primary General Statute Discrimination: true

Specific Statute: General

**General Statute: Retaliation**
General Statute Discrimination: false

Specific Statute: General

**General Statute: Wrongful Termination**
General Statute Discrimination: false

Specific Statute: General

**General Statute: Fair Labor Standards Act**
General Statute Discrimination: false

Comparative Negligence Percentage: 0

DOUTT v. HUMAN HEALTHY VENDING LLC; HUMAN..., JVR No. 1708010026...

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 77 of 88

**FACTS:**

Clerical worker Cassie Doutt brought this action against Human Healthy Vending LLC and Human Technologies LLC for disability discrimination, retaliation, wrongful termination, in violation of public policy, failure to take reasonable steps to stop discrimination and/or retaliation, and wage and hour violations. The plaintiff claimed she injured her back at work on April 9, 2014, and re-injured it again on July 5, 2014. Doutt alleged that when she informed the defendants' general counsel of the injury and her medical treatment, requesting accommodations for her disability, he refused to provide her with accommodations. She asserted that the general counsel barred her from attending work events if she needed accommodations, harassed her about her need to attend physical therapy appointments, and began referring to her as a 'huge liability' to her co-workers. The plaintiff claimed after she complained about the general counsel's discriminatory actions, the defendants retaliated against her by discharging her, and they failed to take all reasonable steps to prevent discrimination and retaliation. She also claimed the defendants failed to pay her overtime when she worked more than 8 hours per day or 40 hours per week, failed to pay her minimum wage by requiring her to work more than 72 hours of uncompensated overtime, failed to provide her with meal and rest breaks, failed to provide accurate wage statements, and failed to timely pay her wages upon her termination. The defendants denied the allegations and argued that they discharged the plaintiff for her unauthorized purchase of headphones, green tea and nuts. The jury found for the defendant on Doutt's claims of failure to accommodate and failure to pay wages due at termination, but found for Doutt on the remaining claims, and awarded her $48,000 for past lost earnings, $16,000 for past emotional distress, and $108,000 in punitive damages.

Jury Verdict Research
COURT: Superior

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 13

JVR No. 1702210002, 2017 WL 773849 (N.D.Cal.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
United States District Court, N.D. California.

# WADLER v. BIO-RAD LABORATORIES INC.; SCHWARTZ

3:15CV02356

DATE OF FILING: May 27, 2015
DATE OF TRIAL/SETTLEMENT: February 06, 2017

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $7,960,000**

**Related Court Documents:**
Plaintiff's complaint: 2015 WL 3452601

Defendants' notice of motion and motion to dismiss the complaint and memorandum of law in support: 2015 WL 7774366

Defendants' notice of motion and motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(A): 2017 WL 657852

**EXPERT-WITNESSES:**
Plaintiff:
Professor of Law: Wendel, W., Ph.D., Cornell Law School, Ithaca, NY
Defendant:
Financial Economist: Carr, Emre, Ph.D., Washington, DC
**ATTORNEY:**
Plaintiff:
James M. Wagstaffe, Kerr & Wagstaffe L.L.P., San Francisco, CA
Michael von Loewenfeldt, Kerr & Wagstaffe L.L.P., San Francisco, CA
Ivo Labar, Kerr & Wagstaffe L.L.P., San Francisco, CA
Kenneth Nabity, Kerr & Wagstaffe L.L.P., San Francisco, CA
Kevin B. Clune, Kerr & Wagstaffe L.L.P., San Francisco, CA
Defendant:
John Potter, Quinn Emanuel Urquhart & Sullivan L.L.P., San Francisco, CA
Karin Kramer, Quinn Emanuel Urquhart & Sullivan L.L.P., San Francisco, CA
James R. Asperger, Quinn Emanuel Urquhart & Sullivan L.L.P., Los Angeles, CA
Ryan Landes, Quinn Emanuel Urquhart & Sullivan L.L.P., Los Angeles, CA

JUDGE: Joseph C. Spero

RANGE AMOUNT: $5,000,000 - 999,999,999
STATE: California
COUNTY: Not Applicable

**SUMMARY**
**PLAINTIFF:**

Sex: M

Age: Adult

General Occupation: Attorney

**DEFENDANT:**
Sex: O

Organization Type: Bio-Rad Laboratories Inc.

Sex: M

Age: Adult

General Occupation: Executive Manager

Organization Type: Schwartz

**DAMAGES:**
Compensatory Other: $2,960,000

Total Compensatory Award: $2,960,000

Punitive Damages: $5,000,000

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: false

Failure Grant Leave: false

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: false

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 81 of 88

Harassment: false

Hostile Work Env: false

Isolation: false

Lay Off: false

Loss Benefits: false

Loss Pay: false

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: true

**Entity Type: General Business Entity**
**STATUTES**
**Primary Specific Statute**
Primary Name: General

**Primary General Statute**
**Primary Name: Whistleblower**
Primary General Statute Discrimination: false

Specific Statute: General

**General Statute: Retaliation**
General Statute Discrimination: false

Specific Statute: General

**General Statute: Wrongful Termination**

General Statute Discrimination: false

Comparative Negligence Percentage: 0

**FACTS:**

Sanford S. Wadler, an attorney, sued his former employer, Bio-Rad Laboratories Inc. and Norman Schwartz, its CEO, for whistleblower retaliation, in violation of the Sarbanes-Oxley Act, 18 U.S.C.A. Sec. 1514A, the Dodd-Frank Act, 15 U.S.C.A. Secs. 78u-6 and Cal. Labor Code Sec. 1102.5, and wrongful discharge against Bio-Rad, in violation of public policy. The plaintiff, who worked as the defendant's general counsel from 1989 until 2013, claimed Bio-Rad terminated him for raising concerns regarding its non-compliance with the Foreign Corrupt Practices Act (FCPA) related to its operations in China. He asserted that key officers and directors of the company wanted him to ignore this alleged misconduct, but he refused, reporting his suspicions to both his superiors and the company's Audit Committee. He asserted that shortly before Bio-Rad was scheduled to give a report to the Securities and Exchange Commission and the Department of Justice regarding an investigation into the potential violations of the FCPA, which included mail fraud, wire fraud, as well as bank and securities fraud, he was fired. He claimed that Bio-Rad acted with malice, oppression and fraud in terminating his employment because he refused to be complicit in the wrongdoing, and because he engaged in protected activity, thus entitling him to punitive damages. The defendants denied instructing or inviting Wadler to participate in any wrongdoing or to facilitate a cover-up. They argued that Wadler was fired for abusive and damaging conduct during the months preceding his termination, which alienated other employees and caused disruption and embarrassment to the company. The jury found for Wadler and awarded him $2,960,000 in past economic damages against both defendants, and $5,000,000 in punitive damages against Bio-Rad. Following the trial, the parties stipulated to double Wadler's compensatory damages award to $5,920,000, pursuant to 15 U.S.C.A. Sec. 78u-6(h)(1)(c)(2), for a total award of $10,920,000.

Jury Verdict Research
COURT: USDC

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 14

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 84 of 88

Schermerhorn vs. Los Angeles Unified School District, 42 Trials Digest 10th 13 (2006)

42 Trials Digest 10th 13, 2006 WL 4870633 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

# Schermerhorn vs. Los Angeles Unified School District

**TOPIC:**
Synopsis: P.E. teacher said school's disability discrimination caused his bankruptcy

Case Type: Labor & Employment; Discrimination; Labor & Employment; Disability/Medical Condition

DOCKET NUMBER: BC333245
STATE: California
COUNTY: Los Angeles

Verdict/Judgment Date: December 15, 2006

JUDGE: James C. Chalfant
**ATTORNEYS:**
Plaintiff: Daniel J. Kolodziej, Trygstad, Schwab & Trygstad, Los Angeles; Lawrence B. Trygstad, Trygstad, Schwab & Trygstad, Los Angeles; Shanon Dawn Trygstad, Trygstad, Schwab & Trygstad, Los Angeles.
Defendant: Damon M. Brown, Ivie, McNeill & Wyatt, Los Angeles; Rupert A. Byrdsong, Ivie, McNeill & Wyatt, Los Angeles; Charlie L. Hill, Ivie, McNeill & Wyatt, Los Angeles; Rickey G. Ivie, Ivie, McNeill & Wyatt, Los Angeles.

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $380,306

Range: $200,000-499,999
$189,528 past economic; $40,778 future economic; $100,000 past non-economic; $50,000 future non-economic; plus $21,836 costs and $568,108 attorney fees.

Trial Type: Jury

Trial Length: Not reported.

Deliberations: Not reported.

Jury Poll: Not reported.

**EXPERTS:**
Plaintiff: Not reported.
Defendant: Not reported.

**TEXT:**

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 85 of 88

Schermerhorn vs. Los Angeles Unified School District, 42 Trials Digest 10th 13 (2006)

## CASE INFORMATION

### FACTS/CONTENTIONS

According to Plaintiff: Plaintiff Robert Schermerhorn was hired by defendant Los Angeles Unified School District in 1995. Plaintiff acted as an itinerant adapted physical education teacher from 1995 to 2004. Plaintiff's job duties included instructing and supervising special education students ranging from pre-school age to 22 years. Plaintiff obtained tenure in 1997.

During his employment, plaintiff suffered an injury to his left hip. On Aug. 3, 2001, plaintiff filed a worker's compensation claim for injuries sustained on his hips, lower back, extremities, gastro-intestinal system, derm, and throat.

On Dec. 6, 2001, plaintiff, through his doctor, requested a leave of absence from the District. On Jan. 4, 2002, plaintiff underwent a hip replacement surgery and spent five months recovering. Plaintiff said he received clearance from his physician to return to work.

Plaintiff alleged defendant unreasonably refused to allow him to return to work and refused to provide him with reasonable accommodations. Defendant allowed him to return to work after 29 months to a single-site teaching position instead of to an itinerant teaching position.

Plaintiff said he suffered severe financial hardship because of defendant's refusal to allow him to work, including cashing in his retirement with significant penalties and being forced to file for bankruptcy.

Defendant contended it did not allow plaintiff to return to work because it feared plaintiff might re-injure himself and said plaintiff was compensated by disability benefits while he was not allowed to teach.

### CLAIMED INJURIES

According to Plaintiff: Anxiety; gastrointestinal disorder; depression; sleep dysfunction; sexual potency dysfunction; emotional distress.

### CLAIMED DAMAGES

According to Plaintiff: $230,306 back wages; $10,500 back health and welfare benefits.

### SETTLEMENT DISCUSSIONS

According to Plaintiff: Not reported.

### COMMENTS

According to Plaintiff: The complaint was filed on May 10, 2005.

Trials Digest, A Thomson/West business
Los Angeles County Superior Court/Downtown

**End of Document**                                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 15

Case 3:25-cv-05417-JSC    Document 1-1    Filed 06/27/25    Page 87 of 88

38 Trials Digest 14th 8, 2011 WL 4048838 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Orange County, California.

# Dickinson vs. Allstate Insurance Company

**TOPIC:**
Synopsis: Adjuster fired after stroke alleges discrimination

Case Type: Labor & Employment; Disability/Medical Condition; Labor & Employment; Discrimination; Labor & Employment; Termination/Constructive Discharge; Defamation; Libel; Labor & Employment; Age

DOCKET NUMBER: 30200900310856
STATE: California
COUNTY: Orange

Verdict/Judgment Date: January 27, 2011

JUDGE: Jamoa Moberly
**ATTORNEYS:**
Plaintiff: Renuka V. Jain, Jain Law Firm, Santa Monica; Wendy Kontos, Parker Straus, Glendale.
Defendant: Lawrence J. Gartner, Ballard Spahr, Los Angeles; Isaac P. Hernandez, Ballard Spahr, Los Angeles; Naomi Young, Ballard Spahr, Los Angeles.

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $341,322

Range: $200,000-499,999
$122,305 past lost earnings; $207,017 future lost earnings; $10,000 past emotional distress from defendant Allstate for disability discrimination. $1,000 past economic loss; $1,000 future economic loss from defendant Allstate. Plus $84,864 costs and $567,221 attorney fees.

Trial Type: Jury

**EXPERTS:**
Plaintiff: Andrew H. Woo, M.D., neurologist, Santa Monica, (310) 829-2126.
Defendant: Not reported.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**
According to court records: On May 12, 2009, plaintiff Eric Dickinson was terminated from his job as a staff adjuster after 25 years.

Plaintiff alleged defendant Allstate Insurance Company and Encompass Insurance Company engaged in discriminatory policies and practices which violated the Fair Employment and Housing Act.

Plaintiff said he suffered a heart attack and a severe stroke that left him paralyzed on the left side of his body. He was left with an impairment on the left side and slurred speech.

Plaintiff requested additional time to complete new training in 2005, but said his requests were rejected, and he received an unsatisfactory performance notification. Plaintiff was assigned an increased workload and expanded territory. Plaintiff said his requests for a decreased workload were denied.

According to plaintiff, Allstate claimed it fired him for incorrectly inputting customers' phone numbers. Plaintiff, 51, was replaced by a younger female.

Plaintiff alleged disability discrimination, wrongful termination, retaliation, failure to engage in interactive process, age discrimination, gender discrimination, wrongful harassment, breach of implied-in-fact contract, breach of implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and defamation against his employers, defendant Allstate and its subsidiary Encompass, and his supervisor, Eric Jentgen.

Defendant contended that plaintiff altered customer phone numbers in order to avoid negative customer feedback.

**CLAIMED INJURIES**
According to court records:
Emotional distress.

**CLAIMED DAMAGES**
According to court records:
Not reported.

**SETTLEMENT DISCUSSIONS**
According to court records:

Not reported.

**COMMENTS**
According to court records:

The complaint was filed on October 13, 2009.

Trials Digest, A Thomson Reuters/West business
Orange County Superior Court

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.