UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOILA ROSALES,<br><br>    Plaintiff,<br><br>v.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA,<br><br>    Defendant. | Case No. 25-cv-05417-JSC<br><br>**ORDER TO DEFENDANT TO SHOW CAUSE RE: DIVERSITY JURISDICTION** |

Plaintiff filed this state-law action in state court. Defendant Vitas Healthcare Corporation of California removed the action to federal court on diversity jurisdiction grounds. (Dkt. No. 1.)[1] Defendant contends it is incorporated in Delaware and headquartered in Florida. (*Id.*)

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented ... Subject-matter jurisdiction can never be waived or forfeited")

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

(citations omitted).  A case removed to federal court must be remanded to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

In support of removal, Defendant offers the declaration Dean Robertson, an in-house counsel and vice-president for Defendant's parent corporation.  He states, without elaboration, that Defendant's headquarters is in Miami, Florida. (Dkt. No. 1-2 at ¶ 5.)  But

> [u]nder the "nerve center" test, a corporation's principal place of business "should normally be the place where the corporation maintains its headquarters—*provided that the headquarters is the actual center of direction, control, and coordination ... and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)*."

*3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (emphasis added) (cleaned up).  The declaration's conclusory statement is insufficient to establish that Vitas Healthcare Corporation of California is headquartered in Florida for purposes of diversity jurisdiction.  *See Joseph v. Vitas Healthcare Corp. of California,* No. 19-cv-04987-AB(GJSx), 2019 WL 4053910, at *2 (C.D. Cal. Aug. 27, 2019) (remanding action to state court because a declaration was insufficient to establish diversity jurisdiction).  The Court also notes the Paradis declaration incorrectly states Plaintiff filed her lawsuit in Riverside County and that summons was served on the registered agent for O-Reilly Auto Enterprises, LLC.  (Dkt. No. 1-1 at ¶¶ 3, 4.)

Accordingly, on or before July 28, 2024 Defendant is ORDERED TO SHOW CAUSE why this action should not be remanded for lack of subject matter jurisdiction.  Plaintiff may file a response on or before August 11, 2025.  The Court will take the issue under submission at that time.

**IT IS SO ORDERED.**

Dated: July 15, 2025

JACQUELINE SCOTT CORLEY
United States District Judge